# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Clayton

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

## DEFENDANTS
University City Science Center

County of Residence of First Listed Defendant: Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
43 P.S. § 951, et seq.; Phila. Code § 9-1101, et seq.; 29 U.S.C. § 2601, et seq.

Brief description of cause:
Plaintiff was discriminated and retaliated against because of his disabilities and his request for medical leave.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** in excess of $75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 9/26/2023
SIGNATURE OF ATTORNEY OF RECORD: */s/*

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| David Clayton | : | CIVIL ACTION |
| v. | : | |
| University City Science Center | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 9/26/2023 | *[signature]* | Plaintiff, David Clayton |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____Philadelphia, PA_____

Address of Defendant: _____3675 Market Street, Suite 400, Philadelphia, PA 19104_____

Place of Accident, Incident or Transaction: _____3675 Market Street, Suite 400, Philadelphia, PA 19104_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/26/2023 _____ /s/ _____ 311702
Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
*(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Daniel S. Orlow_____, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: 09/26/2023 _____ /s/ _____ 311702
Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PLAINTIFF, | |
| **DAVID CLAYTON** | Case No. _____ |
| v. | |
| DEFENDANT, | **JURY TRIAL DEMANDED** |
| **UNIVERSITY CITY SCIENCE CENTER** | |

## CIVIL ACTION COMPLAINT

### I. INTRODUCTION

Plaintiff has filed this action against Defendant, his former employer, seeking redress for the discriminatory and retaliatory termination of his employment in violation of the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").[1]

After more than thirteen (13) years of service, Plaintiff was terminated within four (4) days of returning from an FMLA-protected leave of absence. Without any prior indication that his performance was deficient, Defendant told Plaintiff that it was time for a "change in leadership."

Plaintiff seeks all damages allowable by law, including back-pay, front-pay, compensatory, liquidated, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

### II. PARTIES

---

[1] Plaintiff anticipates amending this Complaint to assert claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") once the Equal Employment Opportunity Commission ("EEOC") has exhausted his administrative remedies and issued a Notice of Right to Sue. Plaintiff's ADA claims arise from the same set of facts set forth herein.

1. Plaintiff David Clayton is an individual and citizen of the Commonwealth of Pennsylvania, residing therein in Philadelphia, Pennsylvania.

2. Defendant University City Science Center is a Pennsylvania nonprofit corporation with a principal place of business located at 3675 Market Street, Suite 400, Philadelphia, PA 19104.

3. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

4. At all relevant times, Defendant was an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

5. At all relevant times, Defendant employed more than fifteen (15) people.

6. At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III. JURISDICTION AND VENUE

7. The causes of action set forth in this Complaint arise under the PHRA, the PFPO, and the FMLA.

8. The District Court has subject matter jurisdiction over Count III pursuant to 28 U.S.C. § 1331.

9. The District Court has supplemental jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b).

11. On January 12, 2022, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission (PHRC), complaining of the various acts of

discrimination and retaliation set forth herein.

12. Plaintiff's Complaint of Discrimination was dual filed with the Equal Employment Opportunity Commission. Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

13. More than one (1) year has passed since the filing of Plaintiff's PHRC Complaint of Discrimination.

14. Plaintiff has fully complied with all administrative pre-requisites for the commencement of this action.

### IV. FACTUAL ALLEGATIONS

15. Plaintiff began working at Defendant on or about August 1, 2008.

16. Plaintiff consistently performed his job duties in a highly competent manner.

17. Plaintiff last held the position of Director, STEM Education.

18. Plaintiff last reported to Saul Behar, General Counsel and Senior Vice President of Strategic Initiatives.

19. Behar reported to Tiffany Wilson, President and Chief Executive Officer.

20. In December 2020, Plaintiff received a positive performance review.

21. On or about July 26, 2021, in an email to Kristy Traylor, Senior Director of People and Culture, copying Behar, Plaintiff stated the following: "Long story - short, I have been diagnosed with a deviated septum and need to have nasal surgery to fix it. My surgery is scheduled for 9/14/21 and I have been advised [by] my ENT doctor to plan to take off one week following the procedure. Should I plan to take sick time? Or would I be requesting medical leave? [I] would like to schedule 15 minutes to discuss with you later this week or the week of 8/9."

22. On August 8, 2021, Traylor and Plaintiff discussed his requested medical leave of absence and the FMLA paperwork and doctor's note that Plaintiff would need to provide to Defendant.

23. On August 10, 2021 Behar told Plaintiff that he was scheduled to be on FMLA leave during Defendant's Nucleus Awards annual fundraising event, which was on September 21, 2021, and which was designated as mandatory for employees to attend.

24. Behar asked Plaintiff if he would still be able to attend the fundraising event.

25. Plaintiff responded that he would not be able to attend the fundraising event.

26. Plaintiff informed Behar that he was no longer able to breathe through his nose, that he needed to undergo surgery as soon as possible, and that September 14, 2021 was the soonest available date to undergo the surgical procedure.

27. On August 30, 2021, Plaintiff emailed to Defendant his doctor's note and the required FMLA forms, completed by his doctor. Plaintiff's doctor's note stated that he would be out of work on a medical leave of absence for surgery and recovery from September 14 to 24, 2021, and that he expected to return to work on September 24, 2021.

28. In Plaintiff's August 30, 2021 email, he stated that he was unable to schedule his post-operative appointment before September 23, 2021, and, as a result, he would be out of work for eight (8) days.

29. On September 1, 2021, Traylor informed Plaintiff that because his medical leave extended beyond a week, he would need to seek approval for FMLA leave.

30. On or about September 8, 2021, Plaintiff was approved for FMLA leave.

31. On September 14, 2021, Plaintiff went out of work on an approved FMLA leave of absence.

32. From September 14 through September 23, 2021, Plaintiff was out of work on an approved FMLA leave of absence.

33. On September 24, 2021, Plaintiff returned to work from his approved FMLA leave of absence.

34. On September 28, 2021, in a meeting with Behar and Traylor, Defendant terminated Plaintiff's employment, effective October 1, 2021.

35. The reason provided to Plaintiff for his termination was that it was time for a "change in leadership."

36. Plaintiff was the only employee reporting to Behar who was terminated effective October 1, 2021.

37. Plaintiff's disability (including his record thereof and Defendant's perception of him as a disabled person), the exercise of his right to a medical leave of absence, and his request for a reasonable accommodation were each motivating and/or determinative factors in Defendant's discriminatory and retaliatory treatment of him, including terminating his employment.

38. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I
### Pennsylvania Human Relations Act (PHRA)

39. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

40. Defendant has violated the PHRA by committing the foregoing acts of discrimination and retaliation.

41. Defendant intentionally discriminated and retaliated against Plaintiff because of his disability (including his record thereof and Defendant's perception of him as a disabled person) and his requests for reasonable accommodations.

42. As a direct and proximate result of Defendant's violation of the PHRA, including terminating Plaintiff's employment, Plaintiff has suffered the damages and losses set forth herein.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

44. No previous application has been made for the relief requested herein.

## COUNT II
## Philadelphia Fair Practices Ordinance (PFPO)

45. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

46. Defendant has violated the FPO by committing the foregoing acts of discrimination and retaliation.

47. Defendant intentionally discriminated and retaliated against Plaintiff because of his disability (including his record thereof and Defendant's perception of him as a disabled person) and his requests for reasonable accommodations.

48. In violating the anti-discrimination provision of the PFPO, Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

49. As a direct and proximate result of Defendant's violation of the PFPO, including terminating Plaintiff's employment, Plaintiff has suffered the damages and losses set forth herein.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

51. No previous application has been made for the relief requested herein.

## COUNT III
## Family and Medical Leave Act (FMLA)

52. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

53. At all relevant times, Defendant employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

54. Plaintiff had worked for Defendant for at least 1,250 hours in the twelve-month period preceding his need for medical leave.

55. Plaintiff's disability qualified as a "serious health condition" within the meaning of the FMLA.

56. At the time of Plaintiff's termination, Plaintiff was eligible for leave under the FMLA.

57. At all relevant times, Defendant was subject to the requirements of the FMLA.

58. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the FMLA.

59. Plaintiff's exercise of his FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendant's conduct towards Plaintiff, including terminating his employment.

60. Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA. Defendant's violations of the FMLA warrant the imposition of liquidated damages.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

62. No previous application has been made for the relief requested herein

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant:

a) declaring the acts and practices complained of herein to be in violation of the PHRA;

b) declaring the acts and practice complained of herein to be in violate of the PFPO;

c) declaring the acts and practice complained of herein to be in violate of the FMLA;

d) enjoining and restraining permanently the violations alleged herein;

e) awarding damages to Plaintiff for the past and future economic losses that he has suffered;

f) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

g) awarding punitive damages to Plaintiff;

h) awarding liquidated damages to Plaintiff pursuant to the FMLA.

i) awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

j) granting such other and further relief as this Court deems appropriate.

|  |  | **CONSOLE MATTIACCI LAW, LLC** |
|---|---|---|
| Dated: 9/26/2023 | BY: | _____ |
|  |  | Daniel S. Orlow, Esq. |
|  |  | 1525 Locust Street, 9th Floor |
|  |  | Philadelphia, PA 19102 |
|  |  | Attorney for Plaintiff |

# Exhibit "A"

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Received

JAN 1 2 2022

PA Human Relations Commission
Philadelphia Regional Office

## COMPLAINT

COMPLAINANT:

**DAVID CLAYTON**

Docket No. 202101631

v.

RESPONDENTS:

**UNIVERSITY CITY SCIENCE CENTER**

1. The Complainant herein is:

    Name:   David Clayton

    Address:   

2. The Respondents herein are:

    Name:   University City Science Center

    Address:   3675 Market Street, Suite 400
    Philadelphia, PA 19104

3. I, David Clayton, the Complainant herein, allege that I was subjected to unlawful discrimination because of my disability (including history of and regarded as) and retaliation for seeking reasonable accommodations for my disability, as set forth below.

### Discrimination and Retaliation

A. I specifically allege:

[1]   I began working at Respondent on or about August 1, 2008.

[2]   I consistently performed my job duties in a highly competent manner.

[3]     I last held the position of Director, STEM Education.

[4]     I last reported to Saul Behar, General Counsel and Senior Vice President of Strategic Initiatives. Behar reported to Tiffany Wilson, President and Chief Executive Officer.

[5]     In December 2020, I received a positive performance review

[6]     On or about July 26, 2021, in an email to Kristy Traylor, Senior Director of People and Culture, copying Behar, I stated the following: "Long story - short, I have been diagnosed with a deviated septum and need to have nasal surgery to fix it. My surgery is scheduled for 9/14/21 and I have been advised my ENT doctor to plan to take off one week following the procedure. Should I plan to take sick time? Or would I be requesting medical leave? I would like to schedule 15 minutes to discuss with you later this week or the week of 8/9."

[7]     On August 8, 2021, in a meeting, Traylor and I discussed my medical leave of absence and the FMLA paperwork and doctor's note that I would need to provide to Respondent.

[8]     On August 10, 2021, in a meeting with Behar, he told me that I was scheduled to be on FMLA leave during Respondent's Nucleus Awards annual fundraising event, which was on September 21, 2021, and which was designated as mandatory for employees to attend. I understood that Behar was frustrated that my surgery and FMLA leave coincided with Respondent's annual fundraising event. Behar asked me if I would still be able to attend the fundraising event. I responded that I would not be able to attend the fundraising event. I stated that I was no longer able to breathe through my nose, that I needed to undergo surgery as soon as

possible, and that September 14, 2021 was soonest available date to undergo the surgical procedure.

[9]     On August 30, 2021, in an email to Traylor, I submitted my doctor's note and the required FMLA forms, completed by my doctor. My doctor's note stated that I would be out of work on a medical leave of absence for surgery and recovery from September 14 to 24, 2021, and that I expected to return to work on September 24, 2021. In my email, I stated that I was unable to schedule my post-operative appointment before September 23, 2021, and, as a result, I would be out of work for eight (8) days.

[10]    On September 1, 2021, in an email from Traylor, she stated that, because my medical leave extended beyond a week, I would need to seek approval for FMLA.

[11]    On or about September 8, 2021, I was approved for FMLA leave.

[12]    On September 14, 2021, I went out of work on an approved FMLA leave of absence.

[13]    From September 14 through September 23, 2021, I was out of work on an approved FMLA leave of absence.

[14]    On September 24, 2021, I returned to work from my approved FMLA leave of absence.

[15]    On September 28, 2021, in a meeting with Behar and Traylor, Respondent terminated my employment, effective October 1, 2021. The stated reason was that it was time for a change in leadership.

[16]    Respondents terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability and/or my taking a medical leave of absence for my disability.

[17]     Before I went out on a medical leave of absence, I had no indication that my job was in jeopardy.

[18]     After more than thirteen (13) years of service, I was terminated within four (4) days of returning from an FMLA protected leave of absence for my disability.

[19]     Two (2) of the four (4) days between my return to work and termination were weekend days.

[20]     I was the only employee reporting to Behar who was terminated effective October 1, 2021.

[21]     I was the only disabled[1] employee reporting to Behar.

[22]     I was the only employee reporting to Behar who had requested a reasonable accommodation for a disability, including having taken an FMLA-protected medical leave of absence for a disability.[2]

[23]     I had no performance or disciplinary issues throughout my employment.

[24]     I was provided with no opportunity to remain employed with Respondent.

[25]     Respondent assigned my job duties to nondisabled employees and/or employees who had not sought reasonable accommodations for a disability or taken a medical leave of absence. I was more qualified to perform my job duties than the nondisabled employees who did not request reasonable accommodations for a disability or take medical leaves of absence to whom Respondents assigned my job duties.

[26]     Respondent's disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

---

[1] References herein to an employee not having a disability are to the best of my knowledge.
[2] References herein to an employee not having requested a reasonable accommodation for a disability or taken a medical leave of absence for a disability are to the best of my knowledge.

B. Based on the aforementioned, I allege that Respondent has discriminated against me because of my disability (including history of and regarded as) and retaliated against me for seeking reasonable accommodations for my disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    __X__   **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** __(a); (d)__

    _____   Section 5.1 Subsection(s) _____

    _____   Section 5.2 Subsection(s) _____

    _____   Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    __X__   **This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant seeks that Respondents be required to:

    (a) Make the Complainant whole.

    (b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

1/11/2022
(Date Signed)

(Signature) David Clayton